**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 15-4588**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MONTE JAWUANE BAKER,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:15-cr-00090-WO-1)

Submitted: March 21, 2017             Decided: March 28, 2017

Before WILKINSON and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant. Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Monte Jawuane Baker pled guilty to being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The district court sentenced Baker to 71 months' imprisonment. In accordance with *Anders v. California*, 386 U.S. 738 (1967), Baker's counsel has filed a brief certifying there are no meritorious grounds for appeal. Baker has filed a pro se supplemental brief, contending that the district court plainly erred in calculating his base offense level under U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (2014) because his predicate convictions no longer qualified as crimes of violence in light of *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), and that counsel was ineffective in failing to raise this issue at sentencing and on appeal. We affirm the district court's judgment.

We first review the adequacy of the Fed. R. Crim. P. 11 hearing; because Baker did not move to withdraw his guilty plea, we review the hearing for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3). Although the district

2

court failed to advise Baker of the immigration consequences of his plea, Fed. R. Crim. P. 11(b)(1)(O), Baker is an American citizen, and thus we conclude that this minor omission did not affect Baker's substantial rights. *See United States v. Davila*, 133 S. Ct. 2139, 2147 (2013) (stating that, to demonstrate effect on substantial rights in Rule 11 context, defendant "must show a reasonable probability that, but for the error, he would not have entered the plea" (internal quotation marks omitted)). We conclude that Baker's plea was supported by a factual basis and was knowing and voluntary.

Next, we review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Baker contends that the district court plainly erred in applying the USSG § 2K2.1(a)(2) base offense level because his predicate convictions no longer qualify as crimes of violence in light of *Johnson*. Because Baker did not object to his Guidelines

calculations in the district court, we review this issue for plain error. *United States v. Moore*, 810 F.3d 932, 939 (4th Cir. 2016). "[W]e may reverse only on a finding that (1) there was error, (2) that was plain, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id.* (alterations and internal quotation marks omitted). The Supreme Court recently held that *Johnson* does not apply to the advisory Sentencing Guidelines. *Beckles v. United States*, __ S. Ct. __, __, No. 15-8544, 2017 WL 855781, at *5-6 (U.S. Mar. 6, 2017). Thus, we conclude that the district court did not plainly err in applying the USSG § 2K2.1(a)(2) offense level.

We discern no other procedural error in Baker's sentence. Moreover, we conclude that Baker's arguments fail to overcome the presumption of reasonableness accorded his within-Guidelines sentence. Finally, our review of the record does not conclusively show that counsel was ineffective and, thus, Baker should raise this claim, if at all, in a 28 U.S.C. § 2255 (2012) motion. *See United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Baker, in writing, of the right to petition the Supreme Court of the United States for further review. If Baker requests that a petition be filed, but counsel believes that such a petition would be frivolous, then

counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Baker.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*